### JOHNSON *v.* CHAFFEE.

1. RECEIVERS—COURT OFFICERS.
   Receivers are officers of the court appointing them.

2. SAME—ACCOUNTING—BURDEN OF PROOF.
   In successor receiver's proceeding for accounting by predecessor co-receivers, burden of showing assets of insolvent came into hands of defendants and what those assets were is on plaintiff; burden of accounting for what came into their hands in an official capacity is upon defendants.

3. APPEAL AND ERROR—RECEIVERS—CONTINUATION OF BUSINESS AS GOING CONCERN.
   Order of trial court in appointing receivers and permitting them to operate furniture business as going concern, which was based upon agreement and request of creditors engaged in a kindred business and acquainted with the facts, *held,* not error although time has demonstrated such course may have been unwise.

4. RECEIVERS — APPRAISALS — USED MERCHANDISE — ECONOMIC DEPRESSION.
   Ordinary rules as to appraisal of used merchandise *held,* not applicable as to that required of receivers who took over and operated furniture business during part of economic depression.

5. Same—Accounting—Intoxicating Liquors.

Claim that receivers of furniture business traded furniture for liquor *held*, not tenable where record shows furniture was paid for in cash.

6. Same—Accounting—Cigars.

Criticism of charge for cigars claimed to have been used in treating customers to stimulate trade with receivers of furniture business carrying it on as a going concern *held*, without merit where receivers had been required to make reimbursement for sum so paid out.

7. Same—Bookkeeping—Furniture Business.

Receivers who were charged with duty to liquidate accounts receivable of furniture business and continue business as a going concern *held*, not subject to criticism for failure to keep books so as to show separation of items for such purposes where operations were so intermingled as to make such separation practically impossible.

8. Appeal and Error—Accounting Suit Heard De Novo.

On appeal from decree in suit against predecessor co-receivers for an accounting, Supreme Court hears case *de novo*.

9. Receivers—Accounting—Surcharge.

In proceeding by substitute receiver for accounting by predecessor co-receivers, decree surcharging defendants with $1,011.67 *held*, justified by evidence, as against plaintiff's contention surcharge should have been $64,280.88.

Appeal from Kent; Brown (William B.), J. Submitted October 16, 1935. (Docket No. 104, Calendar No. 38,545.) Decided January 6, 1936. Rehearing denied March 3, 1936.

In the matter of the petition of Bert K. Chaffee and others for the dissolution of Chaffee Brothers Furniture Company, a Michigan corporation. On petition of C. Sophus Johnson, receiver, for an accounting from Miles A. Chaffee and Carl H. Johnson, former co-receivers. From decree entered, plaintiff appeals. Affirmed.

*Glenwood C. Fuller,* for plaintiff.

*Warner, Norcross & Judd* and *Thomas H. Hefferan,* for defendants.

POTTER, J.   May 29, 1931, a petition was filed for the dissolution of Chaffee Brothers Furniture Company, and on the same date a temporary receiver was appointed and accepted the trust.   After proper service upon all persons interested, defendants, at a hearing before the trial court, were appointed as receivers of Chaffee Brothers Furniture Company's business in pursuance of suggestions made after an agreement by the creditors present.

. The defendants, as receivers, were directed not only to liquidate the same, but to carry on the business for a period of one year.   The business was finally sold, defendants rendered their final account, and asked to be discharged and their bond cancelled.   Several creditors of Chaffee Brothers Furniture Company, dissatisfied with the accounting of defendants, filed objections thereto.   Before the case was heard on the objections filed by the creditors to the receivers' accounting, an application was made for the removal of defendants as receivers, and for the appointment of a new or substitute receiver in their place; and upon this application, an order was entered appointing plaintiff as substitute receiver in place of defendants.

Plaintiff, then, as substitute receiver, filed a petition against defendants for an accounting.   The case was heard before the trial court, and decree entered surcharging defendants with $1,011.67.   Plaintiff appeals, claiming defendants should have been surcharged with $64,280.88 instead of $1,011.67, a difference of $63,269.21 between the decree of the trial

court and what plaintiff contends, and the question is whether the decree of the trial court should be affirmed, or whether a whole or any part of this $63,269.21 should be surcharged against defendants.

As receivers, defendants were officers of the court. The burden was upon plaintiff to show the assets of the Chaffee Brothers Furniture Company came into the hands of the receivers and what such assets were; and the burden was upon the defendants, as receivers, to account for what came into their hands in their official capacity.

Chaffee Brothers Furniture Company was engaged for many years in the retail furniture business, selling furniture upon time contracts; and as a consequence, in order to obtain money with which to do business, these contracts were disposed of to finance companies who advanced the necessary cash with which to continue to do business. When the deflation of credit came after the world war, purchasers of furniture were unable to pay their bills. Chaffee Brothers Furniture Company was unable to obtain money from those who owed it, became financially involved and legally insolvent, and consequently the defendants were appointed as receivers. As such receivers, they faced a falling market in the furniture business; and by reason of prevailing economic conditions, the assets of the estate constantly diminished in value and the outstanding credits which had resulted from the operation of the business constantly diminished in value.

Looking back over the years since the appointment of defendants as receivers, we might conclude the desire of the creditors to have the business continued for a year and the selection of defendants to operate it, and their desire to have the business sold as a going business, was a mistake. But no one

questions that the trial court was right in their appointment and in making the order permitting them to operate, and that such order was based upon the agreement and request of the creditors engaged in a kindred business and acquainted with the facts.

Considerable reliance is placed upon the appraisals or estimated value of the assets of the estate. Ordinary rules which have been said in some instances to govern appraisals are of no particular value in the consideration of this case. The familiar doctrines of reproduction cost new and of prudent investment, as applied to this case, are only fanciful hypotheses. As said by the trial court:

"There is absolutely no merit in arguing about book values or in boasting about appraisal value. In times like a few years past there is no market value, so-called, of anything except new merchandise. Value is only a question of what you can get for used merchandise. There was no loss to the receivership by reason of the fact that the receivers failed to take inventory or have appraisal made as the law requires. Had there been loss resulting therefrom, the receivers would have been liable therefor."

The receivers took possession of the business immediately upon their appointment and continued to operate it and carry on the bookkeeping system substantially as it had been carried on before, and so nearly correct was this bookkeeping that two auditors, representing antagonistic litigants, were within $300 of one another in the final result of their audits.

It is charged the defendants traded furniture for liquor, but the testimony not only fails to show such furniture was not paid for in cash, but on the con-

trary affirmatively shows that it was paid for in cash. As said by the trial court:

"The act of the receivers, so far as it involved the illegal handling of liquor, is entitled to all the criticism that plaintiff's counsel may express. However, the subject is not one that is involved in an accounting by receivers."

Plaintiff severely criticizes the charge made in defendants' account of $270.67 for cigars claimed to have been used in treating customers in order to stimulate trade. All of this discussion is useless, for the receivers were required by the trial court to reimburse the estate in the sum of $270.67 paid out for cigars.

There is much criticism of defendants for their failure to keep a set of books showing the result of their efforts at liquidation and the results of their operation of the business. A large part of the assets of the Chaffee Brothers Furniture Company consisted of time contracts for furniture. In order to immediately liquidate the business, it would have been necessary to have sold these contracts; and had they been sold, it was the opinion of the trial court little or nothing would have been realized therefrom. He found some of the furniture held under the contracts was not worth repossessing, refinishing and trying to resell. He pointed out that in order to resell it, it had to be reconditioned, placed on a showroom floor, and it then became a part of a running or going business. As pointed out by the trial court, when the furniture was repossessed under the defaulted contract, it was liquidation. After it was refinished and placed upon the floor of the business for resale, it was a part of operation, and, yet, in fact, it was a resale; and subsequent repos-

session and subsequent resale again were all a part of liquidation and no part of operation. If a new piece of furniture were sold from the operation of the business and the delivery truck, after delivering the new furniture, should stop on the way back and pick up old furniture under a defaulted contract and return it to the business for refinishing and resale, no one could accurately say what part of the trip should be charged to the sale of new furniture and what part should be charged to liquidation of the old contract. The attempt at liquidation in this case and the continuing of the operation in order to effect more success in liquidation were so closely intermingled that it was from any standpoint except the one of theory impossible to keep two sets of books, one of liquidation and one of operation, and we think the trial court was substantially correct in this conclusion.

The trial court saw and heard the witnesses, and, while this court hears this kind of a case *de novo,* we cannot overlook the fact the trial court was in just as good a position as we are to pass correctly upon the facts.

We find no reason to disturb the decree of the trial court, which is affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred. EDWARD M. SHARPE, J., did not sit.

The late Justice NELSON SHARPE took no part in this decision.